NOT DESIGNATED FOR PUBLICATION

No. 127,969

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

LISA D. GOINS,
*Appellee*,

v.

RONALD A. GOINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Neosho District Court; DARYL D. AHLQUIST, judge. Submitted without oral argument. Opinion filed August 29, 2025. Affirmed.

*Sara S. Beezley*, of Beezley Law, LLC, of Girard, for appellant.

*Paul M. Kritz*, of Hall, Levy, Devore, Bell, Ott & Kritz, P.A., of Coffeyville, for appellee.

BEFORE HILL P.J., MALONE AND HURST, JJ.

PER CURIAM: This is an appeal of a district court's division of marital assets in a divorce of the long-term marriage of Ronald A. Goins and Lisa D. Goins. We have reviewed the record for an abuse of discretion and have found none. Accordingly, we affirm the district court.

1

*Divorce decree dissolves a 36-year marriage.*

In December 2021, Lisa filed for divorce after 36 years of marriage to Ron. They have no minor children. They had similar incomes. This appeal challenges the district court's property division of their retirement accounts, guns, and cars.

Ron had a 401K retirement plan through his employer that both parties valued at $303,524. This amount included contributions from his employer. Lisa had a KPERS retirement account which she valued at $54,025.57 based on her 2021 balance statement. This did not include approximately 24 years of contributions from her employer. Ron valued Lisa's KPERS account at $249,178.28. Ron used a KPERS benefit calculator that considered Lisa's age, years of service, and final average salary to estimate what the account would be worth. It did not consider Lisa's life expectancy. The calculator was not linked directly to Lisa's KPERS account; it relied on the data input by Ron. The calculator indicated Lisa could retire and receive a 50% lump sum of $124,589.14 and a $990.43 maximum monthly benefit for life. The district court set the KPERS account value at $125,000 and awarded each party their respective retirement account.

These parties are well armed. In addition to two guns that had been given to Lisa and one that was inherited from her father, Lisa wanted two rifles and two shotguns that she considered to be Ron's guns. Those four guns had been gifts to Ron from his brother. Lisa wanted those guns because she liked them, they were lightweight, and they were easy to shoot. Ron wanted to keep those four guns as they had been gifts to him. The district court awarded the seven guns to Lisa and assigned a $2,000 value to them. The district court awarded 32 guns to Ron and did not assign value to them because they were gifts to him.

The parties had three cars: a 2012 Toyota 4Runner, a 2001 Toyota Tacoma, and a 1995 Jeep Wrangler. The Jeep had been purchased by Ron a few months before the divorce. Lisa valued the Toyota 4Runner at $16,500; Ron valued it at $22,201. Lisa valued the Toyota Tacoma at $4,050; Ron valued it at $9,662. Both parties valued the Jeep Wrangler at $6,000. The 4Runner was the vehicle Lisa usually drove. Both parties wanted the Tacoma. Lisa stated she had just driven the Tacoma on Saturday but had to put a charger on it for two days before it would start; she said it needed a new battery. The district court adopted Ron's proposed values for the vehicles. The court awarded the Jeep to Ron and the two Toyotas to Lisa.

After dividing the property and debts, the district court ordered Ron to make an equalization payment to Lisa in the amount of $74,285.67.

*Several cases guide us.*

Appellate courts review a district court's property division ruling for abuse of discretion. *In re Marriage of Thrailkill*, 57 Kan. App. 2d 244, 261, 452 P.3d 392 (2019). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *In re A.S.*, 319 Kan. 396, 400, 555 P.3d 732 (2024).

In entering a decree of divorce, the district court "shall divide the real and personal property of the parties, including any retirement and pensions plans." K.S.A. 23-2802(a). The court can (1) divide the property in kind; (2) award the property or part of the property to one of the spouses and require the other to pay a just and proper sum; or (3) order a sale of the property. K.S.A. 23-2802(a).

3

The district court has broad discretion in dividing marital property. *In re Marriage of Wherrell*, 274 Kan. 984, 986, 58 P.3d 734 (2002). The division of marital property must be just and reasonable, but it need not be equal. The district court has broad discretion to determine what is just and reasonable. *In re Marriage of Rodriguez*, 266 Kan. 347, 353-54, 969 P.2d 880 (1998). Discretion is abused only where no reasonable person would take the view adopted by the court. *In re Marriage of Sadecki*, 250 Kan. 5, 8, 825 P.2d 108 (1992). When the district court makes findings of fact, appellate courts review whether substantial competent evidence supports the findings. *Marriage of Wherrell*, 274 Kan. at 987.

The values that the district court assigns to marital property should be within the range of evidence before the court. *In re Marriage of Schwien*, 17 Kan. App. 2d 498, 509, 839 P.2d 541 (1992); *In re Marriage of Ballinger*, No. 116,904, 2017 WL 4455160, at *7 (Kan. App. 2017) (unpublished opinion).

K.S.A. 23-2802 does not specify a method for the district court to use to value marital property. The courts have offered two primary methods to value pension plans: (1) present cash value, and (2) reserve jurisdiction. Under the present cash value method, the district court—based on evidence presented—assigns a present value to the retirement benefits, awards the pension in full to one spouse, and awards the other spouse marital property offsetting the value of the pension. Under the reserve jurisdiction method, the court retains jurisdiction and divides the pension benefits between the parties when the pension is paid or awards a fixed percentage of future payments to the nonpensioned party. Kansas prefers neither method as a matter of law. *Marriage of Sadecki*, 250 Kan. at 10-11. The district court may consider other methods of valuation. "The key to an equitable distribution of marital assets is fairness, not mathematical precision." *In re Marriage of Harrison*, 13 Kan. App. 2d 313, 317, 769 P.2d 678 (1989).

This court has explained the present cash value method by stating,

> "a present value is placed on the retirement plan as of the date of divorce by first using actuarial tables to determine the life expectancy of the [ ] spouse. That figure is then multiplied by the current or future retirement benefits (or formula for determining the same) to arrive at a gross benefit figure, which is then discounted to present value to reflect various factors, including mortality, interest, inflation, and tax assumptions." *Marriage of Harrison*, 13 Kan. App. 2d at 316.

It is the appellant's burden to designate a record sufficient to show the district court's division of property was unreasonable. *Marriage of Sadecki*, 250 Kan. at 12.

*Did the court abuse its discretion in how it valued Lisa's KPERS account?*

Ron argues the district court could not make a fair and equitable division of property without an accurate value for Lisa's KPERS account. He argues the court should have ordered the parties to provide more information, split the retirement plans equally, or reserved jurisdiction over the accounts.

Lisa argues the values of the KPERS account provided by the parties was substantial competent evidence that the district court could consider because both suggestions came from the KPERS office. She maintains that the district court did not abuse its discretion in setting its value of the KPERS account because the district court's value fell within the range of the evidence offered by both parties.

The district court rejected Ron's valuation of the KPERS account because he did not present evidence incorporating Lisa's life expectancy and estimating what the discounted value would be, which is needed to establish a present cash value. The court noted Ron could have presented a witness familiar with KPERS to calculate said value. The court arrived at a value of $125,00 because that was the amount most supported by

the evidence. It was the amount Lisa could take as a lump sum. Caselaw offers us some guidance on making this call.

In *Marriage of Sadecki*, our Supreme Court held it was not an abuse of discretion for the district court to award the husband's retirement account to him without setting a specific value on the account when the wife did not present adequate evidence of the present value of the account. The husband had a pension from his professional baseball career. At the time of the divorce, he received $1,919 per month. Neither party presented evidence of the present cash value of the retirement account. 250 Kan. at 6. The district court awarded the baseball retirement plan to the husband without setting a specific value on it. The court otherwise awarded approximately $90,000 worth of marital assets to the wife and $8,000 to the husband. The court stated that it believed the disparity compensated the wife for the retirement account. 250 Kan. at 9-10

The wife argued on appeal that the award of the pension in full to the husband could not be offset by the award of the other marital property to her. The wife argued the district court should have used the reserve jurisdiction method to divide the retirement plan. The Supreme Court rejected the wife's argument because she had not presented evidence of the present value of the retirement account. The court said:

> "without any evidence of the present value of the pension, it may be argued that the trial court was not able to accurately set aside other marital property of comparable value to Diane. Likewise, without such evidence the trial court was unable to determine if the value of the marital assets awarded to Diane fell short of the value of the pension so as to properly invoke the reserve jurisdiction method.
> However, the burden is upon the appellant to furnish sufficient evidence to the trial court and to designate a record sufficient to present her points to the appellate court to establish the claimed error." *Marriage of Sadecki*, 250 Kan. at 11-12.

The wife could have presented expert testimony at trial but failed to do so. The wife could not show an abuse of discretion without evidence that the value of the pension plan exceeded the value of the marital property she was awarded. *Marriage of Sadecki,* 250 Kan. at 12. The court also noted it was not unreasonable for the court to split the assets on the evidence provided rather than reserve jurisdiction to avoid an ongoing financial entanglement between the parties. 250 Kan. at 13.

Here, Ron could have presented evidence at trial to more accurately calculate the present value of the KPERS account but failed to do so. Without such evidence, Ron cannot show on appeal that the district court abused its discretion.

Then, in *Marriage of Ballinger*, a panel of this court held it was not an abuse of discretion for the district court to set a value of property somewhere between the proposed values by the parties. The wife valued the 40-acre marital property at $151,570 based on a county appraisal. The husband valued the property at $350,000 based on a certified appraisal. The district court set the value at $268,900. On appeal, the panel held the district court did not abuse its discretion because the court's value fell within the range of the evidence presented. 2017 WL 4455160, at *6-7.

Here, the district court did not abuse its discretion because its value for the KPERS account fell within the range of evidence presented by the parties.

*Was it unreasonable to award 7 of the parties' 40 guns to Lisa?*

Ron argues the district court abused its discretion in awarding Lisa the guns that were given him by his brother. After all, the court had awarded items to the parties that had been inherited or been received as gifts.

Lisa argues the district court did not abuse its discretion because it was not legally required to award property to the party that had been inherited or received as a gift. A reasonable person could agree with the decision because Ron was awarded most of the guns and the court assigned no value to his 33 guns, reducing the amount of his equalization payment.

Two statutes and caselaw control our answer to this question. Under K.S.A. 23-2801(a), all property of married persons becomes marital property upon commencement of divorce proceedings. *In re Marriage of Meek*, 320 Kan. 313, Syl ¶ 2, 567 P.3d 252 (2025). The district court must consider the factors listed in K.S.A. 23-2802(c) when making its division of marital property. 320 Kan. at 318. One of those factors is "the time, source and manner of acquisition of property." K.S.A. 23-2802(c)(5). When dividing marital property, a district court is not obligated to award each party the property received by gift or inheritance during the marriage. *Marriage of Schwien*, 17 Kan. App. 2d at 505.

In addition to two guns that were given to Lisa and one that was inherited from her father, Lisa wanted two rifles and two shotguns that she considered to be Ron's guns. Those four guns had been gifts to Ron from his brother. Lisa wanted those guns because she liked them, they were lightweight, and they were easy to shoot. Ron wanted to keep those four guns as they had been gifts to him. The district court awarded the seven guns to Lisa and assigned a $2,000 value to them. The district court awarded 32 guns to Ron and did not assign value to them because they were gifts to him.

The district court's division of the guns was permitted by applicable law. The court considered the time, source, and manner of acquisition of the guns. The court acknowledged that the guns were gifts from Ron's brother. A reasonable person could agree with the district court's decision. Ron gave no reason for wanting the 4 guns at issue versus the other 32 guns the parties owned that were also largely gifts from the

8

brother. Lisa testified that the guns she wanted were lightweight and easier for her to shoot. The court's decision to assign no value to the 32 guns awarded to Ron greatly reduced the equalization payment Ron was required to make, ultimately giving him a higher value of property. We cannot tell with precise accuracy the value of all the weapons Ron received but the blow of losing seven of them was softened by the court not adding the value of his 32 guns in making its computation of the equalization payment Ron has to make.

There is no abuse of discretion here.

*Was it unreasonable to award two cars to Lisa and just one to Ron?*

Ron argues the district court abused its discretion because it awarded the two newer cars to Lisa and only a recreational vehicle to Ron. He asserts that Lisa did not drive the Tacoma and that the Tacoma must have been the vehicle that Ron drove before the petition for divorce because the Jeep had been purchased a few months prior.

Lisa argues the district court did not abuse its discretion because dividing three vehicles and two parties will always come out uneven. Also, by assigning the higher value given by Ron on the Tacoma, the court lowered his equalization payment.

As stated earlier, a district court has broad discretion in dividing marital property. *Marriage of Wherrell*, 274 Kan. at 986. The division of marital property must be just and reasonable, but it need not be equal. The district court has broad discretion to determine what is just and reasonable. *Marriage of Rodriguez*, 266 Kan. at 353-54. Discretion is abused only where no reasonable person would take the view adopted by the court. *Marriage of Sadecki*, 250 Kan. at 8.

We are struck that someone in this divorce case would leave with two cars and one would leave with just one. Could this division of cars have been done differently? Of course. But on appellate review, we look to see if this is a reasonable division of marital assets. It is. We see no abuse of discretion here.

Affirmed.